UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:07CV163

SHELL TRADEMARK MANAGEMENT BV,  )
And MOTIVA ENTERPRISES L.L.C.,  )
                                )
            Plaintiffs,          )
                                 )         ANSWER
                                 )      AND COUNTERCLAIM
        v.                       )       OF DEFENDANT
                                 )
RAY THOMAS PETROLEUM             )
COMPANY, INC.                    )
                                 )
            Defendant,            )
_____)

## FIRST DEFENSE AND MOTION TO DISMISS

Defendant Ray Thomas Petroleum Company, Inc. (hereinafter "Thomas Petroleum" or "Defendant") moves to dismiss Plaintiffs' Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE AND ANSWER

Defendant hereby responds to the Allegations of Plaintiffs' Complaint as follows:

1. The allegations in Paragraph 1 of the Complaint are admitted, upon information and belief.

2. The allegations in Paragraph 2 of the Complaint are admitted, upon information and belief.

3. The allegations in Paragraph 3 of the Complaint are admitted.

4. The allegations in Paragraph 4 of the Complaint are admitted.

5. The allegations in Paragraph 5 call for a legal conclusion and therefore no response is necessary.

6. The allegations in Paragraph 6 call for a legal conclusion and therefore no response is necessary.

7. It is admitted that this Court has subject matter jurisdiction.

8. It is admitted that venue is proper in this District.

9. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 9 of Plaintiffs' Complaint. Those allegations, therefore, are denied.

10. It is admitted that Plaintiff Motiva Enterprises, LLC (hereinafter "Motiva") and Thomas Petroleum entered into an agreement effective January 1, 2004, which, among other provisions, granted Thomas the right to use certain trademarks in connection with the resale of gasoline and diesel. Except as specifically admitted, the allegations in Paragraph 10 are denied.

11. It is admitted that Thomas Petroleum and Motiva entered into an agreement dated October 25, 2004 after negotiation between the parties. Except as specifically admitted, the allegations in Paragraph 11 are denied.

12. In response to Paragraph 12 of Plaintiffs' Complaint, Thomas Petroleum admits that the "Settlement Agreement" is a written document which includes terms similar to those stated in Paragraph 12. Language of such a written agreement should not be extracted out of context of the whole. Except as expressly admitted, the allegations in paragraph 12 are denied.

13. The allegation in paragraph 13 is admitted.

14. It is admitted that Plaintiffs have asserted that tests were performed and results obtained, but have not presented any documents or other evidence to support this assertion. Thomas Petroleum lacks knowledge sufficient to formulate a belief as to the actual existence of these tests, the validity of the methodology employed or the results, and management of Thomas Petroleum is not aware of any facts that would support the purported results. Therefore, the allegations of this paragraph are denied.

15. The allegations in Paragraph 15 are denied.

16. It is admitted that a marketing and franchise relationship existed between Motiva and Thomas Petroleum. To the extent that the allegations in paragraph 16 call for a legal conclusion, no response is necessary.

17. The allegations in Paragraph 17 call for a legal conclusion and therefore no response is necessary.

18. It is admitted that Motiva sent Defendant a letter dated September 26, 2006. The letter dated September 26, 2006 is the best evidence of its contents. Except as specifically admitted, the allegations in Paragraph 18 are denied.

19. It is admitted that several locations operated by Defendant were subject to Jobber Incentive Agreements, that Motiva has demanded some payments and that

Defendant has refused to make such payments. Except as specifically admitted, the allegations in Paragraph 19 are denied.

20. The allegations contained in Paragraph 20, to the extent that they purport to recite facts, are denied. To the extent that they call for a legal conclusion, no response is necessary.

21. The allegations contained in Paragraph 21, to the extent that they purport to recite facts, are denied. To the extent that they call for a legal conclusion, no response is necessary.

22. The allegations contained in Paragraph 22, to the extent that they purport to recite facts, are denied. To the extent that they call for a legal conclusion, no response is necessary.

23. The allegations in Paragraph 23 are denied.

24. The allegations in Paragraph 24 are denied.

25. The allegations contained in Paragraph 25, to the extent that they purport to recite facts, are denied. To the extent that they call for a legal conclusion, no response is necessary.

26. The allegations in Paragraph 26 are denied.

27. The responses contained in Paragraphs 1-26 are repeated and realleged as if fully set forth herein.

28. The allegations in Paragraph 28 are denied.

29. The allegations in Paragraph 29 are denied.

30. The responses contained in Paragraphs 1-29 are repeated and realleged as if fully set forth herein.

31. The allegations in Paragraph 31 are denied.

32. The allegations in Paragraph 32 are denied.

33. The responses contained in Paragraphs 1-32 are repeated and realleged as if fully set forth herein.

34. The allegations in Paragraph 34 call for a legal conclusion and therefore no response is necessary.

35. The allegations in Paragraph 35 are denied.

36. The allegations in Paragraph 36 are denied.

37. The allegations in Paragraph 37 are denied.

38. The responses contained in Paragraphs 1-37 are repeated and realleged as if fully set forth herein.

39. The allegations in Paragraph 39 are denied.

40. The responses contained in Paragraphs 1-39 are repeated and realleged as if fully set forth herein.

41. The allegations in Paragraph 41 are denied.

42. The responses contained in Paragraphs 1-41 are repeated and realleged as if fully set forth herein.

43. The allegations in Paragraph 43 are denied.

44. The responses contained in Paragraphs 1-43 are repeated and realleged as if fully set forth herein.

45. The allegations in Paragraph 45 are denied.

46. The responses contained in Paragraphs 1-45 are repeated and realleged as if fully set forth herein.

47. The allegations in Paragraph 47 are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Waiver)

48. The preceding paragraphs are realleged and incorporated herein by reference as if fully set forth.

49. Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

### Second Affirmative Defense
### (Estoppel)

50. The preceding paragraphs are realleged and incorporated herein by reference as if fully set forth.

51. Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

### Third Affirmative Defense
### (Unclean Hands)

52. The preceding paragraphs are realleged and incorporated herein by reference as if fully set forth.

53. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

### Fourth Affirmative Defense
### (Acquiescence)

54. The preceding paragraphs are realleged and incorporated herein by reference as if fully set forth.

55. Plaintiffs' claims are barred in whole or in part by the doctrine of acquiescence.

### Fifth Affirmative Defense
### (Misuse of Trademark)

56. The preceding paragraphs are realleged and incorporated herein by reference as if fully set forth.

57. To the extent that Plaintiffs' claims rely on trademark law, Plaintiffs' claims are barred in whole or in part by the doctrine of misuse of trademark.

### Fifth Affirmative Defense
### (*In Pari Delicto*)

58. The preceding paragraphs are realleged and incorporated herein by reference as if fully set forth.

59. Plaintiffs' claims are barred in whole or in part by the doctrine of *in pari delicto*.

## COUNTERCLAIMS

Having fully answered the Complaint, Thomas Petroleum alleges the following counterclaims against Motiva:

### Parties, Jurisdiction and Venue

1. Upon information and belief, Plaintiff Motiva is a limited liability company organized under the laws of Delaware, with its principal place of business in Houston, Texas. Motiva routinely does business in North Carolina and South Carolina.

2.  Thomas Petroleum is a corporation organized and existing under the laws of North Carolina, with its principal place of business in Shelby, North Carolina.

3.  Thomas Petroleum's First Cause of Action arises under the Federal Petroleum Marketing Protection Act, 15 U.S.C. §§2801 *et seq.*

4.  The amount in controversy exceeds $75,000.

5.  Thomas Petroleum's counterclaims are compulsory under Rule 13 of the Federal Rules of Civil Procedure, and as such, this Court has supplemental jurisdiction over these claims under 28 U.S.C. § 1367(a).

6.  Additionally, subject matter is conferred on this Court under 28 U.S.C. §§1331 and 1332(a), and 28 U.S.C. § 2805(a).

7.  Motiva has submitted to the jurisdiction of this Court by filing its Complaint in this matter.

8.  Venue is proper in the Western District of North Carolina as the events and omissions giving rise to Thomas Petroleum's claims described herein occurred in this District.

**Factual Allegations**

9.  Effective January 1, 2004, Motiva and Thomas Petroleum entered a Wholesaler Marketer Agreement (hereinafter "WMA") for petroleum that created a franchise relationship under the terms of the Federal Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801 *et seq.*

10.  Under the terms of the WMA, Thomas Petroleum would purchase petroleum from Motiva for resale both at Thomas Petroleum's retail locations and wholesale to other retail locations.

11.  The relationship between Thomas Petroleum and Motiva deteriorated because of Motiva's antipathy toward Thomas Petroleum becoming a leader in marketing alternative, ethanol-based fuels. Motiva had expressed hostility toward the marketing of such alternative fuels. Meanwhile, the relationship was further impaired by personal antagonism toward Thomas Petroleum's principal from Motiva's marketing representative, who was also Motiva's principal point of contact in Thomas Petroleum's region.

12.  Commencing shortly after the WMA was signed and continuing through March, 2007, Motiva began to characterize immaterial and innocuous conduct and situations as being sinister or improper, and it sought pretextual opportunities to punish Thomas Petroleum for such innocuous and immaterial matters. Meanwhile, Thomas Petroleum struggled to cooperate and maintain peace as best it could.

13. On September, 26, 2006, Motiva's marketing representative hand-delivered to Thomas Petroleum a notice from Motiva dated that same day (hereinafter "the September 26th letter"), stating that Motiva had conducted testing of petroleum at several locations either operated by Thomas Petroleum or to which Thomas Petroleum sold Motiva's products at wholesale. According to this letter, there had been two alleged testing incidents, one in June and one in late June and early July of 2006, showing the presence of non-Shell branded gasoline in tanks that were allegedly supposed to hold only Shell-branded gasoline. Motiva claimed that this gave it grounds to terminate the WMA.

14. The September 26th letter lists the effective date of termination as October 31, 2006.

15. Motiva did in fact terminate its franchise agreement with Thomas Petroleum on October 31, 2006.

16. Subsequent to the wrongful termination, Motiva harassed Thomas Petroleum, attempting to obtain debranding of stores at an unreasonably rapid pace and making demands that were intended to exacerbate the cost to Thomas Petroleum.

### First Cause of Action

### (Violation of the Petroleum Marketing Protection Act)

17. Paragraphs 1-16 are repeated and realleged as though fully set forth herein.

18. A franchise relationship existed between Motiva and Thomas Petroleum under the Petroleum Marketing Protection Act, 15 U.S.C. § 2801 *et seq*.

19. The franchise relationship between Motiva and Defendant was terminated by Motiva before conclusion of its term on October 31, 2006 under 15 U.S.C. § 2802(a).

20. Under § 2805 of the Petroleum Marketing Protection Act, a franchisee may maintain a civil action against a franchisor for wrongful termination of the franchise relationship.

21. Motiva's wrongful termination in violation of 15 U.S.C. § 2802(a) was done in willful disregard to Thomas Petroleum's rights under the Petroleum Marketing Protection Act.

22. Thomas Petroleum is entitled to Declaratory Judgment that Motiva's termination of the franchise agreement was improper under 15 U.S.C. §2805(b)(1).

23. Thomas Petroleum suffered actual damages as a result of the wrongful termination and is entitled to actual damages under 15 U.S.C. § 2805(d)(1)(B).

24. Thomas Petroleum is entitled to exemplary damages under 15 U.S.C. § 2805(d)(1)(B).

25. Thomas Petroleum is entitled to reasonable attorney and expert fees as provided by 15 U.S.C. §2805(d)(1)(C).

### Second Cause of Action

### (Violation of the North Carolina Unfair and Deceptive Trade Practices Act)

26. Paragraphs 1-25 are repeated and realleged as if fully set forth herein.

27. Motiva's actions alleged herein were in and affecting commerce and constitute unfair and deceptive acts in violation of North Carolina General Statute § 75-1.1 *et seq.*

28. Motiva's actions have caused harm to Thomas Petroleum.

29. Thomas Petroleum is therefore entitled to an award of actual and treble damages against the Motiva under North Carolina General Statute § 75-16.

30. Thomas Petroleum is further entitled to an award of reasonable attorneys' fees pursuant to North Carolina General Statute § 75-16.1, in that Motiva has willfully engaged in the unfair or deceptive acts described above and has engaged in an unwarranted refusal to fully resolve the parties' dispute.

### Third Cause of Action

### (Violation of South Carolina Unfair Trade Practices Act)

31. Paragraphs 1-30 are hereby repeated and realleged as if fully set forth herein.

32. Motiva's actions constitute unfair or deceptive acts in the conduct of trade or commerce under South Carolina Code § 39-5-20(a).

33. Motiva's conduct was detrimental to the public and it was capable of repetition.

34. Motiva's unfair and deceptive acts have harmed Thomas Petroleum.

35. Thomas Petroleum is therefore entitled to an award of actual and treble damages against the Motiva and to an award of reasonable attorneys' fees under South Carolina Code § 39-5-140(a).

### **PRAYER FOR RELIEF**

**WHEREFORE**, Defendant/Counterclaim Plaintiff prays the Court as follows:

1. That Plaintiffs have and recover nothing from Thomas Petroleum;

2. That the Court enter Declaratory Judgment that Motiva improperly terminated the franchise relationship with Thomas Petroleum;

3. That Thomas Petroleum have and recover actual damages for each cause of action in an amount to be proved at trial;

4. That Thomas Petroleum have and recover treble damages under North Carolina General Statute § 75-16 and South Carolina Code § 39-5-140(a);

5. That Thomas Petroleum have and recover their attorneys' fees from Plaintiffs;

6. That Thomas Petroleum be granted a trial by jury on all issues so triable herein;

7. Such other and further relief as the Court deems proper.


This the 6th day of June, 2006.


/s/ Charles M. Viser
Charles M. Viser
NC State Bar No. 29487
J. Mitchell Aberman
NC State Bar No. 12295
John Parke Davis
NC State Bar No. 34427
JAMES, McELROY & DIEHL, P.A.
600 South College Street, Suite 3000
Charlotte, North Carolina 2202
Fax: (704) 333-5508
*Attorneys for Defendant/Counterclaim Plaintiff Ray Thomas Petroleum Company, Inc.*

# CERTIFICATE OF SERVICE

The undersigned attorney on this 6th day of June, 2007, for Defendant Ray Thomas Petroleum Company, Inc. does hereby certify that he served a copy of the foregoing ANSWER AND COUNTERCLAIM OF DEFENDANT on counsel of record via the Court's CM/ECF electronic filing system as follows:

Paul D. Sanson
Vaughan Finn
Shipman & Goodwin L.L.P.
One Constitution Plaza
Hartford, CT 06103-1919
*Attorneys for Plaintiffs*

Shirley L. Fulton
Christopher DiSano
212 South Tryon St.
Suite 1700
Charlotte, NC 28281
sfulton@tfgolaw.com
*Attorneys for Plaintiffs*

/s/ Charles M. Viser
Charles M. Viser
NC State Bar No. 29487
J. Mitchell Aberman
NC State Bar No. 12295
John Parke Davis
NC State Bar No. 34427
JAMES, McELROY & DIEHL, P.A.
600 South College Street, Suite 3000
Charlotte, North Carolina 2202
Fax: (704) 333-5508
*Attorneys for Defendant/ Counterclaim Plaintiff Ray Thomas Petroleum Company, Inc.*