IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA

|  |  |
|---|---|
| SHELL TRADEMARK MANAGEMENT BV, and MOTIVA ENTERPRISES LLC, <br> Plaintiffs <br><br> v. <br><br> RAY THOMAS PETROLEUM COMPANY, INC., <br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL NO. 3:07-cv-163 |

## PLAINTIFF MOTIVA ENTERPRISES LLC'S REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIMS

Plaintiff Motiva Enterprises LLC ("Motiva") responds to the Counterclaims asserted by Defendant Ray Thomas Petroleum Co., Inc. ("Thomas Petroleum"), dated June 6, 2007, as follows. Plaintiff Shell Trademark Management BV does not respond as the Counterclaims are not directed to it.

### Counterclaim Parties, Jurisdiction, and Venue

1. Plaintiff admits the allegations contained in Paragraph 1.

2. Upon information and belief, Plaintiff admits the allegations contained in Paragraph 2.

3. The allegations of Paragraph 3 contain conclusions of law rather than allegations of fact, to which no answer is required. To the extent that an answer is deemed to be required, Plaintiff denies the allegations contained in Paragraph 3. Plaintiff also denies the allegation contained in Paragraph 3 that Defendant Thomas Petroleum's First Cause of Action arises under the Federal Petroleum Marketing "Protection" Act.

4.      Plaintiff admits that the amount in controversy as to Plaintiffs' claims exceeds $75,000; Plaintiff denies that the amount in controversy in Defendant Thomas Petroleum's counterclaims exceeds $75,000.

5.      Plaintiff lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5, and therefore denies the same.

6.      Plaintiff lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6, and therefore denies the same.

7.      Plaintiff admits the allegations contained in Paragraph 7.

8.      Plaintiff admits that venue is proper in the Western District of North Carolina as to Plaintiffs' claims against Defendant. Plaintiff lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 8, and therefore denies the same.

## Counterclaim Factual Allegations

9.      Plaintiff admits the allegations contained in Paragraph 9.

10.     As to the allegations contained in Paragraph 10, Plaintiff states that the Wholesaler Marketer Agreement ("WMA") speaks for itself.

11.     Plaintiff denies the allegations contained in Paragraph 11.

12.     Plaintiff denies the allegations contained in Paragraph 12.

13.     Plaintiff admits that on September 26, 2006, Motiva's marketing representative hand-delivered to Thomas Petroleum a notice from Motiva dated that same day. Plaintiff further admits that testing was performed at its request at Thomas Petroleum's Shell-branded outlets, which testing disclosed compliance failures by Thomas

Petroleum. These failures showed the presence of non-Shell-branded gasoline in tanks that were supposed to hold only Shell-branded gasoline. Plaintiff admits that these failures gave Motiva grounds to terminate the WMA. Plaintiff otherwise lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 13, and therefore denies the same.

14. Plaintiff admits the allegations contained in Paragraph 14.

15. Plaintiff admits the allegations contained in Paragraph 15.

16. Plaintiff denies the allegations contained in Paragraph 16.

## Counterclaim First Cause of Action

17. Plaintiff hereby incorporates its answers to Paragraphs 1 through 16 as its answers to this Paragraph 17 as if fully set forth herein.

18. Plaintiff admits the allegations contained in Paragraph 18 to the extent that a franchise relationship did at one point exist between Plaintiff Motiva Enterprises LLC and Defendant Thomas Petroleum under the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 *et. seq.* Plaintiff denies the allegation contained in Paragraph 18 that Defendant Thomas Petroleum's First Cause of Action arises under the Federal Petroleum Marketing "Protection" Act.

19. Plaintiff admits so much of Paragraph 19 as alleges "The franchise relationship between Motiva and Defendant was terminated by Motiva." Plaintiff denies that it in any way improperly terminated Defendant under the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 *et. seq.* As to the remainder of the allegations contained in

Paragraph 19, Plaintiff lacks sufficient knowledge or information to admit or deny these allegations and therefore denies the same.

20. The allegations of Paragraph 20 contain conclusions of law rather than allegations of fact, to which no answer is required. To the extent that an answer is deemed to be required, Plaintiff denies the allegations contained in Paragraph 20.

21. Plaintiff denies the allegations contained in Paragraph 21.

22. Plaintiff denies the allegations contained in Paragraph 22.

23. Plaintiff denies the allegations contained in Paragraph 23.

24. Plaintiff denies the allegations contained in Paragraph 24.

25. Plaintiff denies the allegations contained in Paragraph 25.

## Counterclaim Second Cause of Action

26. Plaintiff hereby incorporates its answers to Paragraphs 1 through 25 as its answers to this Paragraph 26 as if fully set forth herein.

27. As to so much of Paragraph 27 as alleges, "Motiva's actions alleged herein were in and affecting commerce," Plaintiff lacks sufficient knowledge or information to admit or deny these allegations and therefore denies the same. Plaintiff denies the remainder of the allegations contained in Paragraph 27.

28. Plaintiff denies the allegations contained in Paragraph 28.

29. Plaintiff denies the allegations contained in Paragraph 29.

30. Plaintiff denies the allegations contained in Paragraph 30.

## Counterclaim Third Cause of Action

31. Plaintiff hereby incorporates its answers to Paragraphs 1 through 30 as its answers to this Paragraph 31 as if fully set forth herein.

32. Plaintiff denies the allegations contained in Paragraph 32.

33. Plaintiff denies the allegations contained in Paragraph 33.

34. Plaintiff denies so much of Paragraph 34 as alleges, "Motiva's unfair and deceptive acts". Plaintiff lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 34, and therefore denies the same.

35. Plaintiff denies the allegations contained in Paragraph 35.

## Prayer for Relief

1-7. Plaintiff denies that Defendant is entitled to any of the relief requested in Paragraphs 1 through 7.

## Affirmative Defenses

### First Affirmative Defense

Defendant Thomas Petroleum's Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Defendant Thomas Petroleum's counterclaims fail to state a claim for violation of the Petroleum Marking Practices Act, the North Carolina Unfair and Deceptive Trade Practices Act, or the South Carolina Unfair Trade Practices Act.

### Third Affirmative Defense

Defendant Thomas Petroleum's counterclaims are barred, in whole or in part, by its own actions and/or omissions.

### Fourth Affirmative Defense

Defendant Thomas Petroleum's North Carolina and South Carolina state law counterclaims are preempted by the Petroleum Marketing Practices Act, 15 U.S.C. § 2806.

### Fifth Affirmative Defense

Defendant Thomas Petroleum's counterclaims are barred, in whole or in part, by the doctrine of waiver.

### Sixth Affirmative Defense

Defendant Thomas Petroleum's counterclaims are barred, in whole or in part, by the doctrine of estoppel.

### Seventh Affirmative Defense

Defendant Thomas Petroleum's counterclaims are barred, in whole or in part, by the doctrine of acquiescence.

### Eighth Affirmative Defense

Defendant Thomas Petroleum's counterclaims are barred, in whole or in part, by the doctrine of *in pari delicto*.

### Ninth Affirmative Defense

Defendant Thomas Petroleum's counterclaims are barred, in whole or in part, by the Statute of Frauds.

## Tenth Affirmative Defense

**Defendant Thomas Petroleum's counterclaims are barred, in whole or in part, by the doctrine of unclean hands.**

**WHEREFORE, Plaintiff Motiva Enterprises LLC prays the Court as follows:**

1) **That Defendant Thomas Petroleum have and recover nothing from Plaintiff; and**

2) **Such other and further relief as the Court deems proper.**

**Dated: June 26, 2007**

**Respectfully submitted,**


      <u>s/ Shirley Fulton</u>
**Shirley Fulton**
**NC Bar Number 9804**
**Christopher DiSano**
**NC Bar Number 34937**
**Attorneys for Plaintiffs**
**Tin Fulton Greene & Owen**
**212 South Tryon Street, Suite 1700**
**Charlotte, NC 28281**
**Phone: (704) 338-1220**
**Fax Number: (704) 338-1173**
**Email:** **cdisano@tfgolaw.com**
          **sfulton@tfgolaw.com**


**Paul D. Sanson**
**Vaughan Finn**
**Ami Gadhia**
**Attorneys for Plaintiffs**
***Admitted Pro Hac Vice***
**Shipman & Goodwin LLP**
**One Constitution Plaza**
**Hartford, CT 06103-1919**
**Phone: (860) 251-5000**
**Fax Number: (860) 251-5219**
**Email:** **psanson@goodwin.com**
          **vfinn@goodwin.com**
          **agadhia@goodwin.com**

## CERTIFICATE OF SERVICE

The undersigned attorney on this 26th day of June, 2007, for Plaintiffs Shell Trademark Management BV and Motiva Enterprises LLC does hereby certify that she served a copy of the foregoing Reply and Affirmative Defenses to Defendant's Counterclaims on counsel of record via the Court's CMECF electronic filing system as follows:

Charles M. Viser
J. Mitchell Aberman
John Parke Davis
James, McElroy & Diehl, P.A.
600 South College Street, Suite 3000
Charlotte, NC 28202
*Attorneys for Defendant Ray Thomas Petroleum, Inc.*

        s/ Shirley Fulton
Shirley Fulton
NC Bar Number 9804
Christopher DiSano
NC Bar Number 34937
Attorneys for Plaintiffs
Tin Fulton Greene & Owen
212 South Tryon Street, Suite 1700
Charlotte, NC 28281
Phone: (704) 338-1220
Fax Number: (704) 338-1173
Email: cdisano@tfgolaw.com
      sfulton@tfgolaw.com

474592 v.02